**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| CODY O'CONNOR : | |
| 378 Shurs Lane : | |
| Philadelphia, PA 19128 : | |
| : | Civil Action No.: |
| Plaintiff, : | |
| : | **JURY TRIAL DEMANDED** |
| v. : | |
| : | |
| US ENERGY SOLUTIONS OF NJ d/b/a : | |
| US ENERGY SOLUTIONS INC. : | |
| 1080 N. Delaware Ave., #511 : | |
| Philadelphia, PA 19125 : | |
| : | |
| Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff Cody O'Connor ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant US Energy Solutions of NJ d/b/a US Energy Solutions Inc. (hereinafter collectively referred to as "Defendant"), alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981 ("Section 1981"), the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code § 9-1101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and under Pennsylvania common law for breaching Defendant's contractual obligations with Plaintiff.

## PARTIES

2.  Plaintiff Cody O'Connor is a citizen of the United States and Pennsylvania, and currently maintains a residence at 378 Shurs Lane, Philadelphia, PA 19128.

3. Defendant US Energy Solutions of NJ d/b/a US Energy Solutions Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1080 N. Delaware Ave., #511, Philadelphia, PA 19125.

## JURISDICTION AND VENUE

4. On or about June 12, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Philadelphia Commission on Human Relations ("PCHR"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and Phila. Code. § 9-1112. Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2019-01592. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated September 2, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

7. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981 ("Section 1981").

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. In or around September 17, 2018, Defendant hired Plaintiff in the position of Director of Sales.

14. At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

15. In his capacity as Director of Sales, Plaintiff received a salary plus commissions based on deals closed by Plaintiff himself and by employees under Plaintiff's leadership, mentorship, and training.

16. Pursuant to Plaintiff's Employment Agreement, Plaintiff was to be paid thirty percent (30%) on deals closed by Plaintiff and ten percent (10%) on deals closed by employees under Plaintiff's leadership, mentorship, and training.

17. However, Plaintiff did not receive his full commission payments on several deals closed by Plaintiff.

18. By way of example, Plaintiff closed a nine thousand-dollar ($9,000.00) deal with Morris House Hotel located on 8th and Chestnut in Philadelphia, PA.

19. Based on Plaintiff's Employment Agreement, Plaintiff should have been paid thirty percent (30%) commission on this deal for a total of two thousand seven hundred dollars ($2,700.00).

20. However, Defendant only paid Plaintiff a six hundred-dollar ($600.00) commission on this deal.

21. By way of additional example, Plaintiff closed another deal with M&E Diner for four thousand dollars ($4,000.00).

22. Similarly, Plaintiff was entitled to thirty percent (30%) commission on this deal for a total of one thousand two hundred dollars ($1,200.00).

23. Once again, Defendant only paid Plaintiff approximately six hundred dollars ($600.00) in commission for the deal.

24. Upon information and belief, Plaintiff closed between eighty (80) and one hundred (100) deals during his employment with Defendant totaling between thirty thousand ($30,000.00) and forty thousand dollars ($40,000.00) in unpaid commissions.

25. Based on the aforementioned facts, Plaintiff is undisputedly owed his unpaid commissions from September 2018 through December 2018 that are due and owing to him within the meaning of the WPCL.

26. Furthermore, during the course of Plaintiff's employment with Defendant, Plaintiff was routinely harassed and/or discriminated against on the basis of his race and/or national origin and disability by Defendant's Owner, Serghei Busmachiu ("Mr. Busmachiu").

27. By way of background, Plaintiff is a Caucasian American with an Irish national origin and suffers from diabetes.

28. Diabetes is a disability within the meaning of the ADA in that it substantially limits major life activities, such as working, breathing, sleeping, maintaining an appetite, and the ability to concentrate.

29. Upon information and belief, Mr. Busmachiu identifies as belonging to the national origin and/or race of Moldova and does not have diabetes.

30. Throughout Plaintiff's tenure with Defendant, Mr. Busmachiu was openly racist towards his employees, specifically those who were American, African American, and/or of different national origin than that of his own.

31. By way of example, Mr. Busmachiu commonly referred to African American individuals as either "monkey" or "n----r" while speaking amongst staff in Defendant's workplace.

32. Additionally, Mr. Busmachiu would refer to Plaintiff as a "drunk Irish bastard."

33. Mr. Busmachiu would also make discriminatory remarks regarding Plaintiff's race (American) and disability (diabetes) by stating, "you are a weak American for needing insulin."

34. In or around November 2018, Plaintiff started noticing preferential treatment being given to employees belonging to the same national origin and/or race of Mr. Busmachiu.

35. By way of example, Mr. Busmachiu paid employees of the same race and/or national origin as his own on holidays, despite not working on those days.

36. By contrast, Plaintiff and other employees who were American or belonged to a different national origin and/or race than that of Mr. Busmachiu were not paid on holidays.

37. Subsequently, Plaintiff complained to Mr. Busmachiu that the preferential treatment he exhibited towards employees of the same national origin and/or race as himself was unfair and unethical.

38. In response, Mr. Busmachiu stated, "If you don't like it, please look for another job and don't waste my time."

39. As a result of Mr. Busmachiu's aforementioned preferential treatment, Plaintiff was not paid the amount agreed upon when Plaintiff was hired causing Plaintiff to not have enough income to purchase his insulin for the month.

40. Plaintiff complained to Mr. Busmachiu stating, "I need the salary now when rent is due and I need my insulin" constituting a clear request for an accommodation in connection to his disability.

41. In response to Plaintiff's request for a reasonable accommodation in the form of being paid the agreed upon salary at the time of his hire, Mr. Busmachiu stated, "look I paid you for the days [that] you worked, that's it."

42. Upon information and belief, Mr. Busmachiu paid other employees that belonged to his own national origin and/or race who did not work on the same days that Plaintiff was not required to work.

43. Shortly after Plaintiff's complaints of unfair treatment and request for a reasonable accommodation in connection with his disability, Plaintiff was informed by Mr. Busmachiu, "Go and find another company who will provide you everything, you will never be successful in your life, you are just looking for excuses, that's why you have failed all the times."

44. Subsequently, on or about December 30, 2018, Plaintiff was terminated from employment by Mr. Busmachiu.

45. It is believed and therefore averred that Defendant terminated Plaintiff because of his actual disability, because Defendant regarded Plaintiff as disabled, and in retaliation for

Plaintiff's request for a reasonable accommodation and complaints in connection thereto, in violation of the ADA/PFPO.

46. It is further believed and averred that Plaintiff was terminated on the basis of his race and/or national origin and in retaliation for his complaints in connection thereto, in violation of Title VII, Section 1981, and the PFPO.

47. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

48. Additionally, as a result of Defendant's willfully unlawful practices described above, Plaintiff has suffered damages.

## COUNT I
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 2620.1, *et seq.*
## FAILURE TO PAY WAGES DUE AND OWING

49. Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50. At all times relevant hereto, Plaintiff was an employee within the meaning of the WPCL.

51. Defendant is an "employer" as defined by the WPCL, and therefore subject to the provisions of the WPCL.

52. Plaintiff and Defendant entered into an employment agreement whereby Plaintiff would, among other things, receive commission-based compensation.

53. As stated above, Defendant failed to pay Plaintiff's earned commissions.

54. The aforementioned unpaid commissions constitute "wages" which are due and owing under the WPCL, and which have remained unpaid significantly in excess of the time period provided under 43 P.S. § 260.10.

55. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the WPCL.

56. Defendant's conduct was intentional, deliberate, willful, and conducted in disregards to the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff in the amount equal to his unpaid wages and fringe benefits;

B. Liquidated damages of not less than twenty-five percent (25%) under the WPCL;

C. Pre-judgment interest in an appropriate amount;

D. Reasonable attorney's fees and all costs of this action; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## COUNT II
## BREACH OF CONTRACT

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58. Plaintiff and Defendant had a valid contract concerning the terms and conditions of Plaintiff's employment with Defendant.

59. Defendant breached the contract by failing to pay Plaintiff in accordance with his Employment Agreement as described above.

60. As a result of Defendant's breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgement in his favor and against Defendant, and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and unpaid fringe benefits;

B. Pre-judgment interest in an appropriate amount; and

C. Such other and further relief as is just and equitable under the circumstances.

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## COUNT III
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

61. Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

63. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

64. Plaintiff's diabetes constitutes a disability within the meaning of the ADA in that it substantially impairs his ability to engage in major life activities, such as working, breathing, sleeping, maintaining an appetite, and the ability to concentrate.

65. Despite his disability, Plaintiff would have been able to perform the essential function of his job with or without a reasonable accommodation.

66. By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff's employment on the basis of his actual and/or perceived disability and request for a reasonable accommodation in connection thereto.

67. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive and/or compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*
## DISCRIMINATION AND RETALIATION

80. Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81. Defendant employed at least fifteen (15) employees at its various locations at all times relevant hereto.

82. Plaintiff is a Caucasian American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race and/or national origin.

83. Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his race and/or national origin, in violation of Title VII.

84. Plaintiff made good-faith complaints of discrimination on the basis of race and/or national origin.

85. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

86. Plaintiff was terminated from his employment because of his race and/or national origin and/or in retaliation for making good faith complaints of discrimination and harassment based on race and/or national origin.

87. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

88. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, inter alia, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

89. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

### COUNT V
### 42 U.S.C. § 1981
### DISCRIMINATION AND RETALIATION

90. Paragraphs 1 through 89 are hereby incorporated by reference as though the same were fully set forth at length herein.

91. Plaintiff avers that Defendant discriminated against him with respect to the terms and conditions of his employment on account of his race and national origin, subjected Plaintiff to a hostile work environment because of his race and national origin, and retaliated against Plaintiff for his good-faith complaints of race and national origin discrimination. Plaintiff has suffered damages and seeks relief for these willful adverse actions.

92. Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.  Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B.  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.  Pre-judgment interest in an appropriate amount; and

D.  Such other and further relief as is just and equitable under the circumstances.

## COUNT VI
## PHILADELPHIA FAIR PRACTICES ORDINANCE
## PHILA. CODE § 9-1101, et seq.
## RACE & NATIONAL ORIGIN DISCRIMINATION & RETALIATION

93.  Paragraphs 1 through 92 are hereby incorporated by reference as though the same were fully set forth at length herein.

94.  Defendant employed at least one (1) employee in Philadelphia at all times relevant hereto.

95.  Plaintiff is a Caucasian American and as such is a member of a class protected under the PFPO from unlawful discrimination or harassment because of race and/or national origin.

96.  Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his race and/or national origin, in violation of the PFPO.

97.  Plaintiff made good-faith complaints of discrimination on the basis of race and/or national origin.

98. Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

99. Plaintiff was terminated from his employment because of his race and/or national origin and/or in retaliation for making good faith complaints of discrimination and harassment based on race and/or national origin.

100. Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

101. Because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, inter alia, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

102. As a direct result of Defendant's deliberate, unlawful, wanton, and malicious actions, Plaintiff has suffered emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Punitive, compensatory, punitive, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances.

## COUNT VII
## PHILADELPHIA FAIR PRACTICES ORDINANCE
## PHILA. CODE § 9-1101, *et seq.*
## DISABILITY DISCRIMINATION AND RETALIATION

103. Paragraphs 1 through 102 are hereby incorporated by reference as though the same were fully set forth at length herein.

104. Upon information and belief, Defendant employed more than one (1) employee in Philadelphia at all times relevant hereto.

105. Plaintiff is disabled and, as such, is a member of a protected class.

106. Once Plaintiff's disability became a minor and temporary hindrance to Defendant's operation and Plaintiff reported Defendant's discriminatory practices, Defendant engaged in discriminatory and retaliatory behavior toward Plaintiff on the basis of, *inter alia,* his disability, requests for an accommodation, and complaints of discriminatory treatment.

107. Defendant took tangible employment action against Plaintiff in the form of the termination from employment because of Plaintiff's disability and in retaliation for his request for an accommodation and complaint(s) of discriminatory treatment in violation of the PFPO.

108. Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

109. Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia,* loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE,** as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and

grant the maximum relief allowed by law, including, but not limited to:

    A.    Back wages and front pay, in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

    B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

    C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

    D.    Pre-judgment interest in an appropriate amount; and

    E.    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: November 30, 2020

By: */s/ Benjamin Salvina*
Benjamín Salvina, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
bsalvina@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.